UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____
In the Matter of the Tax          )   Civil No. 1:04-MC-10364-RCL
Indebtedness of                   )   Judge Lindsay
William H. Shaughnessy.           )
_____)

### PETITIONER UNITED STATES' OPPOSITION TO TAXPAYER'S MOTION FOR A PRE-TRIAL HEARING AND FOR A CONTINUANCE

NOW COMES the petitioner United States of America (Internal Revenue Service) (the "United States") and hereby opposes the respondent/taxpayer William H. Shaughnessy's "Request For Pre-Trial Conference" and "Motion To Continue" (see Docket Entry Nos. 9 and 10).

IN SUPPORT THEREOF, the petitioner United States states the following:

1. On December 30, 2004, the United States filed a petition under 26 U.S.C. § 6334(e)(1) seeking judicial approval of a tax levy upon the residence of the taxpayer, William Shaughnessy. In that petition, and based upon the accompanying declaration with attached computer transcripts, the United States alleged (a) that the taxpayer had not paid taxes assessed against him, (b) that the requirements of any applicable law or administrative

procedure relevant to the levy had been met, and (c) that no reasonable alternative for the collection of the taxpayer's debt existed.[1]/  See Docket Entry Nos. 1 and 2.

    2.  On January 19, 2005, the Court issued an order (the "Show Cause Order") requiring the taxpayer to file a written objection to the petition demonstrating either that:

>    A.  Your liability has been satisfied; OR
>
>    B.  You have other assets from which the unpaid tax liabilities can be satisfied; OR
>
>    C. Applicable laws and administrative procedures relevant to the levy were not followed by the Internal Revenue Service"

See Docket Entry No. 5.  In that order, the Court also scheduled a hearing to consider the taxpayer's obligations under the Show Cause Order for Wednesday, March 2, 2005, at 2:30 o'clock p.m. See Docket Entry No. 5.

    3.  On February 15, 2005, the taxpayer filed an "Answer" to the petition.  See Docket Entry No. 7.  In his answer (pp.1-2), the taxpayer, in a nutshell, "admits that some tax liability is owed but disputes the amount owed" and contends that "it is expected that J.K. Harris would file relevant documents and/or

---

[1]/  It would appear that, for purposes of 26 U.S.C. § 6334(e), the only statutes and procedures possibly relevant to a tax levy are 26 U.S.C. §§ 6303, 6330, and 6331, and Treas. Reg. §§ 301.6330-1, 301.6331-1, 301.6331-2, and 301.6334-1(d) (26 C.F.R.).  See In the Matter of Indebtedness of Dennis and Melissa Lawrence, 2004 WL 2601103 (D.Ariz.), 94 A.F.T.R.2d 2004-6532.

offer in compromise and/or otherwise effectively represent your respondent in this matter."

4. On February 15, 2005, the taxpayer also filed an "Objection To Petition."  See Docket Entry No. 8.  In that objection (p.1), the taxpayer objects to the petition on the grounds that the "tax liability has been partially satisfied, and that no tax levy should be undertaken because the respondent can more effectively satisfy unpaid tax liabilities through a re-mortgage and/or use of a reverse mortgage program (for which he was approved)."  The taxpayer adds (p.2) that "the matters has been in the hands of a tax consultant, J.K. Harris, for many months, who is expected to reach a reasonable adjustment in this matter."

5. On February 15, 2005, the taxpayer also filed a "Request For Pre-Trial Conference."  See Docket Entry No. 9. In that motion, the taxpayer simply requests that the Court schedule a pre-trial conference.

6. Finally, on February 15, 2005, the taxpayer filed a "Motion To Continue."  See Docket Entry No. 10.  In that motion, the taxpayer requests that the Court continue these proceedings for 90 days because he "referred this tax matter to a tax consultant ..., and additional time is needed to effect a

compromise and/or other resolution(s), thereby making court action unnecessary."[2/]

7. Under the Internal Revenue Code (26 U.S.C.), "the principal residence of the taxpayer" is exempt from a tax levy, "[e]xcept to the extent provided in subsection (e)". See 26 U.S.C. § 6334(a)(13)(B).[3/] Section 6334(e)(1) provides: "A principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence."

8. There is no language in Section 6334 which expressly describes the nature of the judicial proceeding contemplated by Section 6334(e)(1). However, the legislative history indicated that there would be a judicial hearing after notice.

> No seizure of a dwelling that is the principal residence of the taxpayer or the taxpayer's spouse, former spouse, or minor child would be allowed without prior judicial approval. Notice of the judicial hearing must be provided to the taxpayer and family members residing in the property. At the judicial hearing, the Secretary would be required to demonstrate (1) that the requirements of any applicable law or administrative procedure relevant to the levy have been

---

[2/] Although the taxpayer has moved for a continuance in order to obtain the advice of a tax consultant, it does not appear that the taxpayer wants the tax consultant to represent him as an attorney in this case and, in any event, it's unclear whether the tax consultant is an attorney. The taxpayer is an attorney who was recently suspended from practicing law in Massachusetts. See http://massbbo.org.

[3/] Under 26 U.S.C. § 6334, certain levies can not be made for levies for tax debts that do not exceed $5,000.00, but the amounts involved in this case clearly exceed that threshhold amount.

-4-

met, (2) that the liability is owed, and (3) that no reasonable alternative for the collection of the taxpayer's debt exists.

H.R. Conf. Rep. 105-599, 105th Cong., 2nd Sess. 267 (1998).

9. The Internal Revenue Service has issued proposed regulations regarding the procedures related to Section 6334(e)(1). See Prop. Treas. Reg. § 301.6334-1(d), 2003 WL 21959701 (F.R.), 68 FR 49729; cf. Tedori, et al. v. United States, 211 F.3d 488, 492 (9th Cir. 2000) (proposed regulations merely reflect the position of the agency). The proposed regulations envision the following shifts in the burden of proof.

> (1) Nature of judicial proceeding. The Government will initiate a proceeding for judicial approval of levy on a principal residence by filing a petition with the appropriate United States District Court demonstrating that the underlying liability has not been satisfied, the requirements of any applicable law or administrative procedure relevant to the levy have been met, and no reasonable alternative for collection of the taxpayer's debt exists. The petition will ask the court to issue to the taxpayer an order to show cause why the principal residence property should not be levied and will also ask the court to issue a notice of hearing.
>
> (2) The taxpayer will be granted a hearing to rebut the Government's prima facie case if the taxpayer files an objection within the time period required by the court raising a genuine issue of material fact demonstrating that the underlying tax liability has been satisfied, that the taxpayer has other assets from which the liability can be satisfied, or that the Service did not follow the applicable laws or procedures pertaining to the levy. The taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding. Unless the taxpayer files a timely and appropriate objection, the court would be expected to enter an order approving the levy of the principal residence property.

10. The taxpayer has failed to demonstrate, as required by the Show Cause Order, that his liability has been satisfied, or that he has other assets from which the unpaid tax liabilities can be satisfied, or that applicable laws or administrative procedures relevant to a levy were not followed by the Internal Revenue Service. The taxpayer has not shown that the declaration and computer transcripts somehow incorrectly set forth the balance due for the taxes. In addition, 26 U.S.C. § 6331(k) does not prevent the issuance of a tax levy when there is no pending offer in compromise, and the taxpayer is not eligible to make such an offer. <u>See</u> Gov. Exh. A, attached and incorporated herein. The taxpayer's desire to continue settlement discussions, and his hope that he can re-finance his house to pay off the taxes due, are not valid defenses to this proceeding, and any continuance of this proceedings will simply further delay the collection of the taxes. <u>See</u> Gov. Exh. A, attached and incorporated herein.

11. The taxpayer has not raised a genuine issue of material fact and, therefore, the Court should deny the taxpayer's "Request For Pre-Trial Conference" and "Motion To Continue." Instead, the Court should simply enter an order approving the levy of the principal residence property.

WHEREFORE, it is prayed that the Court deny the taxpayer's motion for a pre-trial conference and his motion for a continuance and, instead, enter an order approving the levy on the principal residence property.

Dated: February 28, 2005          UNITED STATES OF AMERICA
                                  (Department Of The Treasury,
                                  Internal Revenue Service),
                                  Petitioner

                            By:   /s/ Henry J. Riordan
                                  HENRY J. RIORDAN (bbo #548579)
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice
                                  Post Office Box 55
                                  Ben Franklin Station
                                  Washington, D.C.  20044
                                  Tel. No.: (202) 307-1120
                                  Fax No.: (202) 514-5238
                                  E-Mail: henry.j.riordan@usdoj.gov

CERTIFICATE OF SERVICE

     I hereby certify that on February 28, 2005, I electronically filed the foregoing with the Clerk of the District Court using the EM/ECF system, which sent notification of such filing to the following:

   None.

Parties may access this filing through the Court's system.

     And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF Participants:


   William H. Shaughnessy
   14 Osgood Street
   Andover, MA 01810


                     /s/ Henry J. Riordan
                     Henry J. Riordan
                     Trial Attorney, Tax Division