COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
C.A. No. 99-6132B

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
WILLIAM SHAUGHNESSY,
     Plaintiff

vs.

STATE STREET BANK,
     Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SUMMARY OF COMPLETE ANNOTATIONS OF SECTION 6334

Now comes the respondent and respectfully files a brief of all cases cited in the Annotation under 26 U.S.C. Section 6334.

The annotations of all cases under that section in the order in which they are presented under that section are as follows:

1. <u>Generally</u>

In <u>Rohn F. Drye, Jr. v. U.S.</u>, U.S. Ark. 1999, 120 S.Ct. 474, 528 U.S. 49, 145 L.Ed.2d 466, a trust created by the taxpayer's daughter, filed a wrongful levy against the United States, arguing that the federal tax liens against the taxpayer's property were defeated, pursuant to provision in Arkansas law. The court held that the taxpayer's interest, as an heir in her mother's estate was "property or right to property", subject to federal lien statute.

In <u>Matter of Walter K. Sills</u>, C.A.5 (Tex.) 1996, 82 F.3d 111, a Chapter 13 debt in an adversary proceeding against the Internal Revenue Service, challenged the validity of a tax lien attached to the debtor's house. (The case is not relevant to the issue in the case at bar)

In <u>Matter of Voelker</u>, C.A.7 (Wis.) 1994, 42 F.3d 1050, (the case is not relevant to the case at bar).

In re: <u>Theresa A. Cleary</u>, Bkrtcy. N.D. Ill.1997, 210 B.R. 741, a Chapter 7 debt in an adversary proceeding seeking a determination that federal tax liabilities are dischargeable, the court held that a federal tax lien is perfected and valid against third parties by filing notice of the lien.

In re: <u>Paul K. Krahn and Marsha Krahn, Debtors</u>, Bkrtcy. D.Minn. 1990, 124 B.R. 78, the Chapter 13 debtors objected to a secured claim by the Internal Revenue Service. The bankruptcy court held that the IRS had waived its secured status with respect to the property of the debtors. The court held that "the entire claim is unsecured and the IRS tax lien filed on February 6, 1989 is null and void as to all the debtors property real and personal property."

In <u>Matter of Voelker</u>, C.A.7 (Wis.) 1994, 42 F.3d 1050, (this case is not relevant to the case at bar).

In re: <u>Paul K. Krahn and Marsha Krahn, Debtors</u>, Bkrtcy. D.Minn. 1990, 124 B.R. 78, the Chapter 13 debtors objected to a secured claim by the Internal Revenue Service. The bankruptcy court held that the IRS had waived <u>its secured</u> status with respect to the property of the debtors. The court held that "the entire claim is unsecured and the IRS tax lien filed on February 6, 1989 is null and void as to all the debtors property real and personal property."

In re: Warren Clyde Bates, Bkrtcy. D.Or. 1987, 81 B.R. 63, (in a short 2-page opinion), this is a bankruptcy case where the debtor sought to avoid various liens, including IRS liens. The court held that the fact that they failed to comply with Oregon law, and did not render the tax liens invalid, and that a federal tax lien on household goods was enforceable against both the trustee and the debtor.

In re: Pearloma Zerger, f/k/a Pearloma Engle, Bkrtcy. D.Or. 1983, 35 B.R. 42, there the debtor commenced an action seeking to avoid various "traditional liens on her tax exempt homestead property." The court held that the valid federal tax liens do not constitute traditional liens avoidable.

Campbell v. Campbell, N.J. Super.Ch. 1965, 210 A.2d 644, 88 N.J. Super. 63, in a two-page decision, the New Jersey Court held that alimony paid by a divorced husband to a wife, through the Essex County Probation Department, was subject to tax levy to satisfy unpaid federal taxes.

2. Exclusive Nature of Section

Sea-Land Service, Inc. v. U.S., D.N.J. 1985, 622 F.Supp. 769, there a seaman employer brought a declaratory judgment action to determine whether a statute exempting their wages from an attachment, would prohibit execution of federal tax levies. District Court Judge Stern held that the court had jurisdiction on the declaratory judgment act, and that the statute prohibiting

attachment of seaman's wages would not preclude enforcement of federal tax levies.

3. <u>Law Governing</u>

<u>U.S. v. Mitchell</u>, U.S.La. 1971, 91 S.Ct. 1763, 403 U.S. 190, 29 L.Ed.2d 406, wherein Justice Blackman held that a married woman's domiciled in a community property state (Louisiana), is personally liable for federal income tax for one-half of the community income realized during the existence of the community, despite exercise of her statutory right to exonerate herself from debts contracted during marriage by renouncing community of gains. The court conceded that the results of these cases were "hard" and exceedingly unfortunate for the taxpayers, but they noted that "the remedies in legislation" and that "relief of that kind is the answer to the respondent's situation."

<u>In re: Terwilliger's Catering lus, Inc.</u>, C.A. 6 (Ohio) 1990, 911 F.2d 1168, rehearing denied, certiorari denied 111 S.Ct. 2815, 501 U.S. 1212, 115 L.Ed.2d 987, state and federal taxing authorities each claimed priority from the proceeds of a chapter 7 debtor's liquor license. The court held that the state's interest, pursuant to the statute prohibiting the sale of a liquor license until the licensee pays all taxes owed to the state, was inchoate at the time the federal tax lien was perfected. The decision was that the district court judgment was affirmed, and the case remanded for further proceedings not inconsistent with the opinion.

In Cort v. U.S., N.D.Cal. 1992, 816 F.Supp. 574, a non-debtor's wife filed a case challenging the levy by the IRS against her state retirement account, in her attempt to prohibit the IRS from collecting the back taxes owed by her husband. The District Court judge held that the California statute setting forth an exemption from levy against community property assets in the form of a state retirement account was ineffective against the action of the IRS in levying the same. Accordingly, the prevailing party was not entitled to attorney's fees. This case discusses, the legal standard for recovery of attorney's fees against the United States in a federal tax case.

In re: Margaret Whitus, debtor, Bkrptcy. W.D.Tex. 1999, 240 B.R. 705, the wife of a chapter 13 debtor objected to proof of claim filed by the IRS, based on penalty assessed against her non-filing spouse. The case discusses whether the IRS has a claim in a bankruptcy case involving "community property", and if so, what the distribution the IRS can receive in a chapter 13 bankruptcy plan. The court concluded: "the court arrives at the conclusion that the service (IRS) cannot compel Mrs. Whitus to provide for a distribution to it in her chapter 13 plan."

Lawrence B. Howard v. U.S., Tenn. 1978, 566 S.W.2d 521, this case involves an interpleader action filed to determine whether income from a spendthrift trust was subject to the lien for federal taxes owed by the income beneficiary of the trust. The equity court judge held that the tax lien attached to the trust income in the hands of the trustee, the beneficiary appealed. The Supreme

Court of Tennessee held that the income from a spendthrift was subject to seizure, in satisfaction of federal tax lien from paid taxes owed by the trust beneficiary.

Jackson v. D'Aubin, La.App. 1 Cir. 1975, 316 So.2d 478, writ granted 320 So.2d 910, affirmed 338 So.2d 575, in this case the suit was commenced by executor seeking petition of certain property. The 19th Judicial District awarded petition. On appeal, the Court of Appeals, by Judge Covington, reversed, and the Supreme Court, by Judge Margkus held that failure of the trustees to accept testamentary spendthrift trust until more than 13 years after the death of the settlor? did not cause the trust to fail. The court noted that the validity of sale of the settlor's son's interest in property in satisfaction of the son's delinquent income taxes were not affected by the lack of notice to the trustee.

4. Alimony

Campbell v. Campbell, N.J. Super.Ch. 1965, 210 A.2d 644, 88 N.J. Super. 63, in a two-page decision, the New Jersey Court held that alimony paid by a divorced husband to a wife, through the Essex County Probation Department, was subject to levy to satisfy unpaid federal taxes.

5.  <u>Annuities and Pension Payments</u>

<u>Theodore Shanbaum v. U.S.</u>, C.A.5 (Tex.) 1994, 32 F.3d 180, in this case, the beneficiary employee of a retirement and income security act plan brought an action against the United States and the paying trustee, seeking damages on the ground the IRS violated the ERISA, claiming that the trustee of the trust had improperly honored a notice of levy. The District Court for the District of Northern Texas dismissed the action. The Court of Appeals held that the United States had not waived sovereign immunity as to the beneficiary's suit under the ERISA plan, pension benefits were not exempt from IRS levy, and affirmed the judgment of the District Court in a 4 1/2 page decision.

<u>U.S. v Marsh</u>, D.Hawaii 2000, 89 F.Supp.2d 1171, reconsideration denied 197 F.R.2d 430,

In <u>Matter of William Nelson Fink</u>, Bkrtcy D.Neb. 1993, 153 B.R. 883, a chapter 13 debtor objected to the federal tax lien, and the IRS objected to the debtor's bankruptcy plan. The bankruptcy judge held that the debtor's interest in non-ERISA qualified retirement annuity was not property for the bankrupt estate. The IRS's objection was overruled, in a 3-page decision, discussing Nebraska law.

6. <u>Bank Accounts</u>

<u>Hughes v. IRS</u>, E.D.N.Y. 1999, 62 F.Supp.2d 796. (Case not relevant to the case at bar).

<u>In re: Cheryl Jones</u>, Bkrtcy.D.Ct.Col. 1997, 206 B.R. 614, involved a 10-page decision from the bankruptcy court in the District of Columbia, wherein a chapter debtor taxpayer brought an adversary proceeding to determine the amount of the federal government's secured tax claim. The government made a motion for summary judgment on its tax claim in the Thrift Savings Plan. The bankruptcy judge, F. Martin Peel, Jr., held that the government's tax lien attached to the debtor's interest in the account, at least preserving the government's right of levy, and the levy was enforceable as a security claim in the debtor-taxpayer's chapter 15 case.

7. <u>Bankruptcy Claims</u>

<u>U.S. v. Barbier</u>, C.A.9 (Nev.) 1990, 896 F.2d 377, the chapter 13 debtor objected to a proof of claim filed by the IRS. The bankruptcy court held that the IRS lien was unsecured. The court of appeals held that the IRS's priority tax claim could be secured by a chapter 13 debtor's household affects and other property which were otherwise exempt from administrative levy, from a 4-page decision.

<u>In re: Margaret Whitus, debtor</u>, Bkrptcy. W.D.Tex. 1999, 240 B.R. 705, the wife of a chapter 13 debtor objected to proof of claim filed by the IRS, based on penalty assessed against her non-filing spouse. The case discusses whether the IRS has a claim in a bankruptcy case involving "community property", and if so, what the distribution the IRS can receive in a chapter 13 bankruptcy plan. The court concluded: "the court arrives at the conclusion that the service (IRS) cannot compel Mrs. Whitus to provide for a distribution to it in her chapter 13 plan."

<u>In re: William C. Herrell</u>, Bkrtcy. N.D.Fla. 1997, 210 B.R. 386, in a 6-page decision from the bankruptcy court in Tallahassee, Florida, the chapter 7 trustee in bankruptcy objected to exemptions claimed by a debtor. The bankruptcy judge held, inter alia, that the life insurance policy permitted the debtor insurer to change beneficiary. (This case has nothing to do with the issues involved in the case at bar)

<u>Clifford D. Risley v. U.S.</u>, N.D.Okla. 1995, 184 B.R. 826, a two-page decision from the north district of Oklahoma, wherein a chapter 13 debtor objected to the proof of claim filed by the IRS on the theory that the IRS had exaggerated secured amount of its claim. The bankruptcy court entered an order reducing the amount of the IRS's secured claim. On appeal, Judge Kern reversed.

<u>Matter of Thomas Lloyd King</u>, D.Neb. 1991, 137 B.R.43, is a 3-page decision wherein a chapter 13 debtor objected to a claim by the IRS with respect to certain properties claimed to be exempt. The district court held that the federal tax lien extends to

property exempt from levy under IRS provisions.

U.S. (IRS) v. Stowe, N.D.Ind. 1990, 121 B.R. 549, wherein a chapter 13 debtor objected to the IRS's claim. The Bankruptcy Court of the Northern District of Indiana, both parties appealed. The court held that the bankruptcy's decision that certain property may be exempt from a federal tax lien, pursuant to 26 U.S. Code Section 6334, was contrary to law, and that neither the statute cited by the bankruptcy court in order to establish precedent support for bankruptcy court decision; the conclusion was that the bankruptcy court decision was affirmed, in part, and reversed, in part.

In re: Carl Ridgley and Leona K. Ridgley, debtors, Bkrtcy. D.Or. 1987, 81 B.R. 65, the court held in that case that the confirmation of a debtors' chapter 13 plan, the bankruptcy court judge held that the debtors were prohibited from avoiding the tax lien on personal property claimed as exempt, in view of the fact that the notice of tax lien had been properly filed, in a 6-page decision.

8. Homesteads

U.S. v. Pilla, C.A.8 (Minn.) 1983, 711 F.2d 94, in a 2-page decision, the U.S. Court of Appeals for the 8th Circuit held that the Minnesota Homestead laws did not protect the taxpayer husband from the imposition of federal tax lien or his interest in residential realty.

Doris Herndon v. U.S., C.A.8 (Ark.) 1974, 501 F.2d 1219, in a 6-page decision by circuit court Judge Gibson, of the 8th Circuit, the wife brought an action to enjoin the U.S. from selling the homestead property which was titled solely in her husband's name and levied upon. The Court of Appeals held that the wife's interest in the property (created by Arkansas Homestead Exemption), did not preclude the sale of property even though the sale would be subject to the wife's rights in the property (after it was sold).

?? Virgil Jackson v. D'Aubin, La.App. 1 Cir. 1975, 316 So.2d 478, writ granted 320 So.2d 910, affirmed 338 So.2d 575, in this case the suit was commenced by executor seeking partition of certain property. The 19th Judicial District awarded partition. On appeal, the Court of Appeals, by Judge Covington, reversed, and the Supreme Court, by Judge Margus held that failure of the trustees to accept testamentary spendthrift trust until more than 13 years after the death of the settlor did not cause the trust to fail. The court noted that the validity of sale of the settlor's son's interest in property in satisfaction of the son's delinquent income taxes were not affected by the lack of notice to the trustee.

Builders Supply Co. of Hattiesburg v. Pine Belt Sav. & Loan Ass'n, Miss. 1979, 369 So.2d 743, wherein the Supreme Court of Mississippi, by Judge Sugg held that the United States was entitled to recover the amount of the homestead exemption to satisfy a federal tax lien.

9. <u>Salary or Wages - Generally</u>

<u>U.S. v. Hart</u>, E.D.Mich. 1994, 866 F.Supp. 348. (This case is not relevant to the case at bar).

<u>White v. C.I.R.</u>, D.C.Colo. 1982, 537 F.Supp. 679. (This case is not relevant to the case at bar).

<u>2004 Supplement to the U.S. Code Annotated</u>

<u>U.S. v. Rice</u>, 196 F.Sup.2d 1196 (N.D.Okla.-2002), in a 6-page decision by U.S. Magistrate Joyner. (This case is not relevant to the case at bar).

Respectfully submitted,

William H. Shaughnessy, pro se
14 Osgood Street
Andover, MA 01810