UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10928-RCL

)
In the Matter of the Tax Indebtedness  )
of William H. Shaughnessy              )
                                       )

### MOTION TO PROHIBIT RETROACTIVE ENFORCEMENT OF PROPOSED REGULATION SECTION 301.6334.1

Now comes the Respondent and respectfully moves this Honorable Court as follows:

1. The proposed regulation (proposed on 8/19/03) does not apply to this levy and distraint case.

2. The proposed amendment (proposed on 8/19/03) cannot apply <u>retroactively</u> to this levy and distraint case.

3. The attempt by the IRS to have a <u>proposed</u> regulation apply <u>retroactively</u> to this case, is an abuse of discretion.

WHEREFORE, the respondent respectfully moves this Honorable Court to prohibit the retroactive enforcement of a proposed regulation.

Respectfully submitted

William H. Shaughnessy, pro se
14 Osgood Street
Andover, MA 01810

**Property Exempt from Levy**  ¶ 152,449

## ¶ 152,449. Prop. Regs. 8/19/2003.

## Fed. Reg. Vol. 68, No. 160, p. 49729.

**Property Exempt from Levy** Reg. § 301.6334-1

### BACKGROUND

This document contains proposed regulations amending the Procedure and Administration Regulations (26 CFR part 301) under section 6334 of the Internal Revenue Code of 1986. The proposed regulations provide guidance on the amendments to section 6334 made by the IRS Restructuring and Reform Act of 1998 (Public Law 105-206)(RRA 98), and the Taxpayer Relief Act of 1997 (Public Law 105-34)(TRA 97).

### EXPLANATION OF PROVISIONS

*Overview*

Section 6334 enumerates items of property exempt from levy and provides special rules for levies. In RRA 98, Congress amended section 6334 and created new requirements for levy upon certain residential property and business assets. Specifically, section 6334 was amended to provide for an exemption, in small deficiency cases, from levy for certain real property used as a residence by any individual; to require judicial approval of the levy of certain principal residences; to require administrative approval of the levy of certain business assets; to increase certain exemption amounts; and to make certain conforming amendments. RRA 98 also mandated an IRS reorganization, which changed or eliminated certain position titles. TRA 97 amended section 6334 to provide that certain payments shall not be exempt from levy if the Secretary approves. The proposed regulations provide guidance on each of these provisions.

*Levy Exemption for Residences in Small Deficiency Cases*

As amended, section 6334(a)(13) provides an exemption from levy for any real property used as a residence by the taxpayer or any other individual (except for real property that is rented) if the amount of the levy does not exceed $5,000. The proposed regulations provide guidance on this exemption.

*Judicial Approval for Levies of Certain Principal Residences*

Prior to RRA 98, section 6334(a)(13) provided that the principal residence of the taxpayer, within the meaning of section 121, was exempt from levy in the absence of jeopardy or certain approval. Section 6334(e) permitted levy if an IRS district director or assistant district director personally approved, in writing, the levy of property, or the Secretary determined that the collection of tax was in jeopardy.

As amended, section 6334(a)(13)(B)(i) provides that the principal residence of the taxpayer, within the meaning of section 121, is exempt from levy except to the extent provided in section 6334(e). Section 6334(e)(1)(A) provides that a principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves, in writing, the levy of such residence. Section 6334(e)(1)(B) provides that the district courts of the United States shall have exclusive jurisdiction to approve such levy. Accordingly, judicial approval is required prior to levy of a taxpayer's principal residence (hereinafter referred to as the section 6334(e)(1) proceeding).

The Conference Report for RRA 98 states that no seizure of a dwelling that is the principal residence of the taxpayer or the taxpayer's spouse, former spouse, or minor child will be allowed without prior judicial approval. The Conference Report further provides that notice of the judicial hearing must be provided to the taxpayer and family members residing in the property. The Conference Report also states that at the judicial hearing, the Secretary will be required to demonstrate (1) that the requirements of any applicable law or administrative procedures relevant to the levy have been met, (2) that the liability is owed, and (3) that no reasonable alternative for the collection of the taxpayer's debt exists. IRS Restructuring and Reform Act of 1998, Conference Report to Accompany H.R. 2676, H.R. Conf. Rep. No. 105-599, 105th Cong., 2d Sess., at 267.

With respect to whether a liability is owed, these proposed regulations interpret the legislative history to require the IRS to demonstrate only that an assessed liability has not been satisfied. The proposed regulations specifically do not require the IRS to demonstrate the merits of the underlying liability. Treasury and the IRS have concluded that the purpose of a section 6334(e)(1) proceeding is to determine whether the proposed seizure is appropriate rather than to afford the taxpayer with an additional opportunity to contest the merits of the underlying tax liability. As discussed below, a section 6334(e)(1) proceeding, therefore, looks to whether the IRS has followed applicable law and procedural rules relating to the levy and the existence of reasonable collection alternatives, in addition to whether an unsatisfied liability exists. Other provisions of the Code, such as the deficiency procedures for income taxes, provide taxpayers with the opportunity to challenge the merits of an asserted liability. In the levy context, section 6330 gives taxpayers the right to request a hearing prior to levy, including levies that also are the subject of a section 6334(e)(1) proceeding. Section 6330(c)(2)(B) specifically gives the taxpayer the right to challenge the merits of the underlying liability if the taxpayer did not receive the statutory notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. In contrast, nothing in section 6334(e)(1) indicates that Congress intended to provide a taxpayer with a further opportunity to contest the merits of the underlying tax liability.

Consistent with the language of section 6334(e)(1) and the legislative history, the proposed regulations provide that judicial approval is required prior to levy of the principal residence of the taxpayer, taxpayer's spouse, taxpayer's former spouse, or taxpayer's minor child. Also in accordance with this legislative history, the proposed regulations provide that the Government will request that the taxpayer be given notice and an opportunity to participate in the section 6334(e)(1) proceeding.

The Government will initiate the section 6334(e)(1) proceeding by filing with a district court of the United States a petition seeking judicial approval of a principal residence levy. In its petition, the Government will set forth its prima facie case by demonstrating that (1) The underlying tax liability has not been satisfied, (2) the requirements of any applicable law or administrative procedure relevant to the levy have been met, and (3) no reasonable alternative for collection of the taxpayer's debt exists. The petition will ask the court to issue to the taxpayer an order to show cause why the principal residence property should not be levied and a notice of hearing.

The taxpayer will be granted a hearing to rebut the Gov-

ernment's prima facie case if the taxpayer files an objection within the time period required by the court raising a genuine issue of material fact demonstrating that (1) The assessed tax liability has been satisfied, (2) the taxpayer has other assets from which the liability can be satisfied, or (3) the IRS did not follow the applicable laws or procedures pertaining to the levy. The taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding. Unless the taxpayer makes a timely and appropriate showing, the court would be expected to enter an order approving the levy of the principal residence property.

If the property to be levied is the principal residence of the taxpayer's spouse, former spouse, or minor child, the Government will send each such person a letter providing notice of the commencement of the proceeding. The letter will be addressed in the name of the taxpayer's spouse or ex-spouse, individually or on behalf of any minor children. If it is unclear who is living in the principal residence and/or what such person's relationship is to the taxpayer, a letter will be addressed to "Occupant". The purpose of the letter is to make the family members aware that their living arrangements may be placed in jeopardy if the court approves levy of the principal residence property.

The proposed regulations provide that family members who receive notice of the commencement of a section 6334(e)(1) proceeding may not be joined as parties to the proceeding. As noted above, Treasury and the IRS believe that the purpose of such notification is to ensure that family members living at the residence that is the subject of the proposed levy understand that their living arrangements may be placed in jeopardy. A levy by the IRS, however, can reach only the taxpayer's interest in property. The property rights (if any) of family members living at the residence are outside of the scope of that levy and are not at issue when an order approving the levy is sought from the court. Accordingly, because only the taxpayer's property rights are at issue in a section 6334(e)(1) proceeding, the proposed regulations do not permit other family members to contest a request for judicial approval of a principal residence levy. This rule is similar to those for actions by the IRS to foreclose on tax liens on property under section 7403. In those actions, the Government names as defendants all individuals who may claim an interest in the property; residents who do not otherwise have a legal interest in property, such as by co-tenancy, are not named as defendants.

The proposed regulations incorporate the procedures for obtaining judicial approval of a principal residence levy.

*Prior Approval of Levies of Certain Business Assets*

In enacting RRA 98, Congress created new approval requirements for levies of certain business assets. Specifically, Congress enacted new section 6334(a)(13)(B)(ii), which provides that, except to the extent provided in section 6334(e), tangible personal property or real property (other than real property that is rented) used in the trade or business of an individual taxpayer shall be exempt from levy. Section 6334(e) was amended to provide that such property shall not be exempt from levy if a district director or assistant district director of the IRS personally approves (in writing) the levy of such property, or the Secretary finds that the collection of tax is in jeopardy. Section 6334(e)(2) of the Internal Revenue Code (Code). Section 6334(e) was further amended to provide that an official may not approve such levy unless the official determines that the taxpayer's other assets subject to collection are insufficient to pay the amount due, together with expenses of the proceedings.

RRA 98 section 3445(c)(1) clarifies that, with respect to permits issued by a State and required under State law for the harvest of fish or wildlife in the trade or business of an individual taxpayer, the term other assets as used in section 6334(e)(2) includes future income that may be derived by such taxpayer from the commercial sale of fish or wildlife under such permit. RRA 98 section 3445(c)(2) provides that section 3445(c)(1) shall not be construed to invalidate or in any way prejudice any assertion that the privilege embodied in such permits is not property or a right to property under the Code.

The proposed regulations provide guidance on the current requirements of section 6334(e) relating to the procedures for approval of the levy of certain business assets.

*Exemption Amounts and Conforming Amendments*

In RRA 98, Congress amended section 6334(a)(2) and (a)(3) to increase the applicable exemption dollar amounts (which are indexed for inflation). Congress also enacted a conforming amendment to section 6334(g)(1) to revise the dates to be used in calculating the inflation adjustment to the section 6334(a)(2) and (a)(3) exemptions. The proposed regulations provide guidance on these provisions.

*IRS Reorganization*

Pursuant to the reorganization of the IRS after RRA 98, the titles of district director and assistant district director cited in section 6334(e)(2)(A) no longer exist. The proposed regulations replace these titles with the current title, which is Area Director.

*Levy on Certain Payments*

In TRA 97, Congress amended section 6334 by adding new section 6334(f) and redesignating former section 6334(f) as section 6334(g). Section 6334(f) provides that any payment described in section 6331(h)(2)(B) or (h)(2)(C) (certain payments upon which continuous levy may be authorized) shall not be exempt from levy if the Secretary approves the levy thereon under section 6331(h). The proposed regulations provide guidance on this provision.

PROPOSED EFFECTIVE DATES

The proposed regulations will apply on the date corresponding final regulations are published in the Federal Register.

SPECIAL ANALYSES

It has been determined that this notice of proposed rulemaking is not a significant regulatory action as defined in Executive Order 12866. Therefore, a regulatory assessment is not required. It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) and the Regulatory Flexibility Act (5 U.S.C. chapter 6) do not apply to these regulations, and, therefore, a Regulatory Flexibility Analysis is not required. Pursuant to section 7805(f) of the Code, this notice of proposed rulemaking will be submitted to the Chief Counsel for Advocacy of the Small Business Administration for comment on its impact on small business.

COMMENTS AND REQUESTS FOR PUBLIC HEARING

Before these proposed regulations are adopted as final regulations, consideration will be given to any written (a signed original and 8 copies) or electronic comments that are submitted timely to the IRS. The IRS and Treasury Department request comments on the clarity of the proposed rules and how they can be made easier to understand. All comments will be available for public inspection and copying. A public hearing will be scheduled if requested in writing by any person that timely submits written comments. If a public hearing is scheduled, notice of the date, time, and place for

the public hearing will be published in the Federal Register.

DRAFTING INFORMATION

The principal author of the proposed regulations is Robin Ferguson of the Office of Associate Chief Counsel, Procedure and Administration (Collection, Bankruptcy and Summonses Division).

LISTS OF SUBJECTS IN 26 CFR PART 301

Employment taxes, Estate taxes, Excise taxes, Gift taxes, Income taxes, Penalties, Reporting and recordkeeping requirements.

PROPOSED AMENDMENTS TO THE REGULATIONS

Accordingly, 26 CFR part 301 is proposed to be amended as follows:

PART 301— PROCEDURE AND ADMINISTRATION

PARAGRAPH 1. The authority citation for part 301 continues to read in part as follows:

**Authority:** 26 U.S.C. 7805 * * *

PAR. 2. Section 301.6334-1 is amended as follows:

1. Paragraphs (a)(2), (a)(3), (a)(8), (a)(13), (d), (e), and (f) are revised.

2. Paragraphs (g) and (h) are added.

The revisions and additions read as follows:

**Proposed § 301.6334-1  Property exempt from levy.**

(a) * * *

*(2) Fuel, provisions, furniture, and personal effects.* So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, that does not exceed $6,250 in value.

*(3) Books and tools of a trade, business or profession.* So many of the books and tools necessary for the trade, business, or profession of an individual taxpayer as do not exceed in the aggregate $3,125 in value.

*    *    *    *    *

*(8) Judgments for support of minor children.* If the taxpayer is required under any type of order or decree (including an interlocutory decree or a decree of support pendente lite) of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of that taxpayer's minor children, so much of that taxpayer's salary, wages, or other income as is necessary to comply with such order or decree. The taxpayer must establish the amount necessary to comply with the order or decree. The Service is not required to release a levy until such time as it is established that the amount to be released from levy actually will be applied in satisfaction of the support obligation. The Service may make arrangements with a delinquent taxpayer to establish a specific amount of such taxpayer's salary, wage, or other income for each pay period that shall be exempt from levy, for purposes of complying with a support obligation. If the taxpayer has more than one source of income sufficient to satisfy the support obligation imposed by the order or decree, the amount exempt from levy, at the discretion of the Service, may be allocated entirely to one salary, wage or source of other income or be apportioned between the several salaries, wages, or other sources of income.

*    *    *    *    *

*(13) Residences exempt in small deficiency cases and principal residences and certain business assets exempt in absence of certain approval or jeopardy.* (i) Residences in small deficiency cases. If the amount of the levy does not exceed $5,000, any real property used as a residence of the taxpayer or any real property of the taxpayer (other than real property which is rented) used by any other individual as a residence.

(ii) Principal residences and certain business assets. Except to the extent provided in section 6334(e), the principal residence (within the meaning of section 121) of the taxpayer and tangible personal property or real property (other than real property which is rented) used in the trade or business of an individual taxpayer.

*    *    *    *    *

**(d) Levy allowed on principal residence.** The Service will seek approval, in writing, by a judge or magistrate of a district court of the United States prior to levy of property that is owned by the taxpayer and used as the principal residence of the taxpayer, the taxpayer's spouse, the taxpayer's former spouse, or the taxpayer's minor child.

*(1) Nature of judicial proceeding.* The Government will initiate a proceeding for judicial approval of levy on a principal residence by filing a petition with the appropriate United States District Court demonstrating that the underlying liability has not been satisfied, the requirements of any applicable law or administrative procedure relevant to the levy have been met, and no reasonable alternative for collection of the taxpayer's debt exists. The petition will ask the court to issue to the taxpayer an order to show cause why the principal residence property should not be levied and will also ask the court to issue a notice of hearing.

*(2)* The taxpayer will be granted a hearing to rebut the Government's prima facie case if the taxpayer files an objection within the time period required by the court raising a genuine issue of material fact demonstrating that the underlying tax liability has been satisfied, that the taxpayer has other assets from which the liability can be satisfied, or that the Service did not follow the applicable laws or procedures pertaining to the levy. The taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding. Unless the taxpayer files a timely and appropriate objection, the court would be expected to enter an order approving the levy of the principal residence property.

*(3) Notice letter to be issued to certain family members.* If the property to be levied is owned by the taxpayer but is used as the principal residence of the taxpayer's spouse, the taxpayer's former spouse, or the taxpayer's minor child, the Government will send a letter to each such person providing notice of the commencement of the proceeding. The letter will be addressed in the name of the taxpayer's spouse or ex-spouse, individually or on behalf of any minor children. If it is unclear who is living in the principal residence property and/or what such person's relationship is to the taxpayer, a letter will be addressed to "Occupant". The purpose of the letter is to provide notice to the family members that the property may be levied. The family members may not be joined as parties to the judicial proceeding because the levy attaches only to the taxpayer's legal interest in the subject property and the family members have no legal standing to contest the proposed levy.

**(e) Levy allowed on certain business assets.** The property described in section 6334(a)(13)(B)(ii) shall not be exempt from levy if—

*(1)* An Area Director of the Service personally approves (in writing) the levy of such property; or

*(2)* The Secretary finds that the collection of tax is in jeopardy. An Area Director may not approve a levy under

paragraph (e)(1) of this section unless the Area Director determines that the taxpayer's other assets subject to collection are insufficient to pay the amount due, together with expenses of the proceeding. When other assets of an individual taxpayer include permits issued by a State and required under State law for the harvest of fish or wildlife in the taxpayer's trade or business, the taxpayer's other assets also include future income that may be derived by such taxpayer from the commercial sale of fish or wildlife under such permit.

(f) **Levy allowed on certain specified payments.** Any payment described in section 6331(h)(2)(B) or (C) shall not be exempt from levy if the Secretary approves the levy thereon under section 6331(h).

(g) **Inflation adjustment.** For any calendar year beginning after 1999, each dollar amount referred to in paragraphs (a)(2) and (3) of this section will be increased by an amount equal to the dollar amount multiplied by the cost-of-living adjustment determined under section 1(f)(3) for the calendar year (using the language "calendar year 1998" instead of "calendar year 1992" in section 1(f)(3)(B)). If any dollar amount as adjusted is not a multiple of $10, the dollar amount will be rounded to the nearest multiple of $10 (rounding up if the amount is a multiple of $5).

(h) **Effective date.** This section will apply as of the date final regulations are published in the Federal Register.

ROBERT E. WENZEL,
*Deputy Commissioner for Services and Enforcement.*

[FR Doc. 03-20473 Filed 8-18-03; 8:45 am]