UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10928-RCL

In the Matter of the Tax Indebtedness       )
of William H. Shaughnessy                   )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROHIBIT RETROACTIVE ENFORCEMENT OF PROPOSED REGULATION

Now comes the Respondent and respectfully submits to this Honorable Court as follows:

The respondent is being prosecuted under the <u>proposed</u> amendment to Section 6334 (see attached proposed amendment to 26 USC Section 6334).

I.  GENERAL RULE OF CONSTRUCTION

"As a general rule <u>taxing provisions</u>, as opposed to exemption provisions, <u>are to be construed liberally in favor of the taxpayer</u>, and strictly against the government." Doubt as for their interpretation and application are to be resolved against the government, and <u>in favor of the taxpayer</u>."

C.J.S. Internal Revenue Section 7 (emphasis added).

II. <u>PROPOSED AMENDMENT TO THE REGULATION</u>

The respondent submits that, even if the <u>proposed amendment</u> were applicable to this case, and, even if it were made <u>retroactively</u> to the respondent, the <u>requirements</u> set forth in the <u>proposed regulation</u> <u>have not been complied with</u>.

The Proposed Regulation (8/19/2003) proposed the following amendment:

(1) Nature of judicial proceeding in a procedure for judicial approval of levy the <u>IRS must show</u>;

(2) "the <u>requirement of any applicable law</u> or administration procedure ... <u>have been met</u>"; and

(3) <u>no reasonable alternative</u> for collection ... exists.

In the case at bar, the <u>requirements of the applicable law</u> 1) <u>have not been met</u> because there has been <u>no compliance</u> with 26 USC Section 6330, et. seq.; 2) no compliance with <u>applicable procedures</u>.

2

A.  Applicable Law

Applicable Law includes the following:

26 CFR Section 601.106 [appellate functions];
26 CFR Section 601.202 [closing agreements];
26 CFR Section 601.203 [offers in compromise];
26 CFR Sections 301.650(1)(a)-1 et seq. [regulations governing limitations on assessment and collection]
26 CFR Sections 301.7121-1 et seq. [regulations governing closing agreements and compromises]

B.  Procedural Rights

As a matter of law, "Before the IRS may levy to collect tax liabilities, taxpayers have the right to an administrative hearing, 26 USC Section 6330." Dogwood Forest Rest Home, Inc. v. US, 181 F.Supp.2 554, 557 (MD N.C. 2001) (emphasis added)

II. REASONABLE ALTERNATIVES

In the case at bar, many "reasonable alternatives" exist, including the following:

- Offers in Compromise (26 USC Section 7122a)
- Rights of Appeal Section 201.105(e)(4)
- Request consideration of the case by an Appeals Officer Section 601.203(d)

- Closing Agreements Rev. Proc. 68-16, 1968-1CB 770
- Appeals Conference Rev. Proc. 68-12, 1968-1763(B)
  The respondent is entitled to all of these rights.

3

III. PROPOSED REGULATION

"T-10112. Reliance on proposed regs.

"Unlike final regs, which have the force and effect of law (para. T-10101), proposed regs aren't authoritative; they carry no more weight than a position advanced on brief by IRS."

Federal Tax Conservation, 2d Section T-10112 (emphasis added).

"Proposed regulations are suggestions made for comment; they modify nothing. Barton Mines Corporation v. Commissioner, 446 F.2d 981, 990 n.4, 993 n.7 (2d Cir.1971) (refusing to consider import of proposed regulations in rendering decision). If the Commissioner wanted this regulation to have binding effect, it could have been issued as a temporary regulation, see 4 B. Bittker, Federal Taxation of Income, Estates and Gifts para. 110.4.1 at 110-26 (1981)." LaCroy Research Systems Corp. v. C.I.R., 751 F.2d 123, 127 (1984). (emphasis added)

IV. RETROACTIVE APPLICATION OF REGULATIONS

In the case at bar, to apply a proposed regulation to a case that has been administratively pending for a long time would clearly amount to retroactive application of a proposed regulation.

The respondent submits that even if the subject regulation was in effect and not simply "proposed", it still could not be applied retroactively.

4

Retroactive Application of Regs

"... final, temporary and proposed regulations relating to statutory provisions cannot be effective before the earlier of their date of filing with the Federal Register, or the date on which any notice substantially describing their expected contents is issued to the public."

"Observation: The filing date of regulations is the date on which the regulations are sent to the Federal Register for publication. The actual publication date follows, ordinarily within a day or two."

Federal Tax Coordinator, 2d T-10103.

V. RETROACTIVELY ENFORCING PROPOSED REGULATIONS WOULD BE AN ABUSE OF DISCRETION BY THE IRS

The Proposed Regulation was not in existence and an attempt to enforce this proposed regulation would amount to abuse of discretion for the IRS.

The proposed regulation involved is not made retroactive by the IRS.

"... it would seem reasonable that the courts will continue challenges based on the argument that the retroactive application of a particular reg represents an abuse of IRS's discretion under the statute."

Federal Tax Coordinator, 2d T-10103.1

5

VI.  CONCLUSION

WHEREFORE, the respondent respectfully submits that based on the foregoing, as a matter of law, the proposed amendment to the Regulation cannot be enforced retroactively on the respondent.

Respectfully submitted

_____
William H. Shaughnessy, pro se
14 Osgood Street
Andover, MA 01810