UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10928-RCL

```
_____
                                  )
In the Matter of the Tax Indebtedness  )
of William H. Shaughnessy         )
                                  )
_____)
```

## BRIEF ON
## DISCRIMINATORY PROSECUTION

Now comes the respondent and respectfully submits
the following brief on discriminatory prosecution.

I.    HISTORY OF DISCRIMINATORY APPLICATION OF THE LAW

In Yick Wo v. Hopkins, (1886) 118 US 356, 30 L.Ed.
220, 6 S. Ct., a landmark case in this area, the United
States Supreme Court, in connection with allegations that
certain business licensing ordinances were being enforced
to discriminate against Chinese people, the U.S. Supreme
Court ruled that although a "law in itself [is] fair on
its face and impartial in appearance, yet, if it is
applied and administered by public authority with an evil
eye and an unequal hand, so as practically to make unjust
and illegal discriminations between persons in similar
circumstances, material to their rights, there is a
denial of equal protection of the laws."    (emphasis

added)  Without declaring the ordinances void on their

face, the court held that whatever may have been the

intent of the ordinances as adopted, they are being

applied by the public authorities charged with their

administration with a mind <u>so unequal and oppressive</u> as

to amount to a denial by the state of the equal

protection of the laws.

> See generally, ANNOTATION:  What Constitutes such
> Discriminatory Prosecution or Enforcement of Laws
> as Provide Valid Defense in Federal Criminal
> Proceedings,  45 ALR Fed. 732.

## II.  PRESENT RULE CONCERNING SELECTIVE PROSECUTION

In support, by the analogy, the respondent relies on

current cases involving the discriminatory prosecution

and/or enforcement of law.

The present rule concerning selection or

discriminatory prosecution is as follows:

> "... In order to show that he has been selectively
> prosecuted in violation of his constitutional
> rights, a party must prove
>
> (1) <u>that others similarly situated were not
> prosecuted</u>, and
>
> (2) that the defendant's <u>selection for prosecution
> was based on some impermissible consideration</u>, such
> as race, religion, or an improper desire to prevent
> him from exercising his constitutional rights.
> <u>United States v. Tibbetts</u>, 645 F.2d 193, 195 (5th
> Cir. 1981)."  <u>United States v. Tucker</u>, 686 F.2d
> 230, 233.  (emphasis added)

III.  RESPONDENT HAS BEEN SELECTIVELY PROSECUTED

Although this case does not involve a criminal prosecution, a close look at the relevant facts and background clearly leads to the conclusion that the respondent has been selectively chosen for discriminatory prosecution.

> "Discriminatory prosecution claims are judged pursuant to equal protection standards. Wayle, 470 U.S. at 608, 105 S.Ct. at 1531. In order to succeed on a selective prosecution claim the claimant must show that 1) the prosecution was motivated by discriminatory purpose and 2) had a discriminatory effect." Id. (emphasis added)

See also, U.S. v. Roman, 931 F.Supp. 960, 966 (D.RI 1996).

IV.  GLARING PROOF OF DISCRIMINATION

Based on the clear language in the Wayle case, supra, the respondent respectfully submits that there is a discriminatory purpose to the prosecution and a discriminatory effect.

The discriminatory purpose is shown in the following:

1)    there have been no prosecution under Section 6334 as it is presently written; a review of the complete annotations shows that there have been no such prosecutions.

3

2)    there can be no prosecutions under the <u>proposed</u>
amendment to Section 6334 but because, as far as
can be determined, <u>retroactive</u> application of a
<u>proposed</u> amendment <u>has never been allowed</u>.
(Indeed, there has been no case like the case at
bar that has been prosecuted under the <u>present</u>
Section 6334 <u>or</u> the <u>proposed</u> Section 6334).


V.    DISCRIMINATORY EFFECT

The discriminatory effect is that the respondent is
the only person being retroactively prosecuted under the
<u>proposed</u> amendment to Section 6334.


VI.    CONCLUSION

WHEREFORE, based on the foregoing, the respondent
respectfully submits he has been improperly and
selectively prosecuted.

Respectfully submitted

William H. Shaughnessy, pro se
14 Osgood Street
Andover, MA 01810

4